IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOY GASPARIK, et. al,
          Plaintiffs,

vs.                                    No.  3:05cv304/MD

WAGNER INDUSTRIES, INC.,
et. al.,
          Defendants.

---

## O R D E R

In an order dated April 14, 2006, this court granted the motion for summary judgment filed by defendants Pall Corporation and Gelman Sciences, Inc. on the issue of plaintiff's election of workers compensation remedies, and judgment was entered accordingly.  (Doc. 97 & 98).  One of the cases heavily relied upon by the defendants and by the court in its order, *Martin Electronics, Inc. v. Jones,* 877 So.2d 765 (Fla. 1st DCA 2004), was then on review before the Supreme Court of Florida.  Although oral argument took place on June 7, 2005, the opinion had not yet been rendered at the time of this court's decision.  (Doc. 97 at 9, n. 5).  This court, bound to apply the law of the state at the time of its decision, found that under *Jones*, the defendants were entitled to summary judgment.  (Doc. 97 at 16).

On August 2, 2006, the plaintiff filed a notice of supplemental authority, advising that on June 15, 2006, the Supreme Court of Florida had overruled the lower court's decision in *Jones*,[1] and a motion to reconsider this court's order and judgment granting defendants'

---

[1]  *Jones v. Martin Electronics, Inc.,* 932 So.2d 1100, 2006 WL 1641944 (Fla. 2006).

motion for summary judgment  (Doc. 119 & 120).  The defendants filed a response (doc. 125) and the plaintiff filed a reply.

In the Supreme Court of Florida's decision in *Jones* (henceforth "*Jones II*"), it held that an employee who receives compensation benefits for a workplace injury who has litigated his entitlement to certain workers' compensation benefits but has not pursued the compensation claim to a conclusion on its merits is not barred from filing an action against an employer for conduct rising to the level of an intentional tort.  Plaintiff's motion for reconsideration is based upon Rule 54(b) of the Federal Rules of Civil Procedure and upon the change in the law engendered by *Jones II*, which overruled authority relied upon by the defendants' motion and this court's order granting summary judgment.

Application of Fed.R.Civ.P. 54(b)

Plaintiff brings this motion pursuant to Federal Rule of Civil Procedure 54(b) which provides:

> (b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay *and* upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added).

Defendants contend, citing two cases from the Seventh Circuit Court of Appeal,[2] that the court's order granting summary judgment was a final appealable order and therefore

---

2  *United States v. Ettrick Wood Products, Inc. v. United Bank of Osseo v. Brovold*, 916 F.2d 1211, 1217 (7th Cir. 1990) and *United States v. General Inc. v. Joliet*, 598 F.2d 1050, 1051 n.1 (7th Cir. 1979).

is not subject to reconsideration.  Defendants argue that although the court did not expressly determine that there was "no just reason for delay," as set forth in Rule 54(b), the fact that final judgment was entered suffices.  More recent authority from the Eleventh Circuit Court of Appeals, the decisions of which are binding on this court, suggests that is not the case because regardless of the reason, this court did not certify that there was no just reason for delay, and neither party asked for this certification.  *See, e.g., Fogade v. ENB Rovocable Trust*, 263 F.3d 1274, 1296 (11th Cir. 2001) (referring to "proper Rule 54(b) certification"); *Carringer v. Tessmer*, 253 F.3d 1322 (11th Cir. 2001) (requiring district court to expressly accomplish what Rule 54(b) mandates); *CSX Transportation v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (no final appealable order existed where neither party had the court certify a summary judgment for appeal under Rule 54(b), absent some other reason why the judgment should be considered final); *Wilson v. Navistar Intern. Transport. Corp.,* 193 F.3d 1212 (11th Cir. 1999) ("When there are multiple parties in the case, the court can enter final judgment against fewer than all of the parties only if it certifies pursuant to Rule 54(b) that "'there is no just reason for delay.'"), *overruled on other grounds*, *Saxton v. ACF Industries*, 254 F.3d 959 (11th Cir. 2001); *Harris v. United States*, 175 F.3d 1318, 1320 (11th Cir. 1999) (same); *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1265 (11th Cir. 1999) (referencing "the district court's requisite Rule 54(b) certification"); *State Treasurer v. State of Michigan v. Barry*, 168 F.3d 8, 20 (11th Cir. 1999) (entry of judgment under Rule 54(b), is not a matter of right, but is committed to the district court's discretion); *Construction Advocates Ltd. v. Commodities Corp.,* 147 F.3d 1334, 1336 n.2 (11th Cir. 1998) ("If a party wants to appeal fewer than all the claims, the district court-for proper appellate jurisdiction-must certify, under Fed. R. Civ. Proc. 54(b), that no just reason exists for delay and expressly direct an entry of judgment") (citing *Penton v. Pompano Constr. Co., Inc.*, 963 F.2d 321, 321-22 (11th Cir. 1992)); *Ebrahimi v. City of Huntsville Bd. Of Educ,* 114 F.3d 162, 165-166 (11th Cir. 1997) (balancing judicial administrative interests and relevant equitable concerns, district court must evaluate whether there is any just reason to delay appeal of individual final judgments as a prerequisite to Rule 54(b) certification); *Useden v. Acker*, 947 F.2d 1563, 1570 (11th Cir. 1991) (appeal filed prior to district court's

entry of Rule 54(b) certification was "premature and ineffective"). Clearly, such a certification is necessary in this circuit.[3] The court's order was not a final and appealable order under prevailing Eleventh Circuit law.

Timeliness of the motion

_____In her initial motion, plaintiff raises the issue of timeliness, and maintains that her motion for reconsideration is timely. Rule 59(e), which generally governs such motions, states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Plaintiff states that this court's order of April 14, 2006 was not a "judgment," because it was not an "order from which an appeal lies," Fed.R.Civ.P. 54(a), but an order "which adjudicate[d] fewer than all the claims" Fed.R.Civ.P. 54(b). *See Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla*., 189 F.R.D. 480, 492 (M.D.Fla. 1999). Therefore, she maintains, the time limitation set forth in Rule 59(e) does not apply to that order. Instead, under Federal Rule of Civil Procedure 54(b), the order "is subject to revision at any time before the entry of judgment adjudicating all of the claims." *Id.*

Defendants argue that the plaintiff's motion for reconsideration is untimely because she waited 110 days to pursue any action seeking review, reconsideration or clarification of the judgment entered by the clerk on April 14, 2006. Defendant cites Rule 59(e) and also Federal Rule of Appellate Procedure 4(a)(1)(A), which requires that the notice of appeal be filed with the district clerk within 30 days after the judgment or order appealed from is entered. They cite no authority in support of their position. Based on the Eleventh Circuit case law cited above, finding that a judgment without a Rule 54(b) certification is not an appealable order, the court finds that plaintiff's motion is timely.

---

3  It appears that, at least at some point, the defendants did not disagree. Plaintiff asserts in her reply memorandum that during a Rule 7.11(b) conference, defendants attorney Peter Roumbos contacted plaintiff's counsel Joe Passeretti, and advised that the defendants were preparing a Motion for Certification under Rule 54(b) of the Federal Rules of Civil Procedure, which plaintiff opposed. (Doc. 129 at 4, 10 n.1).

Estoppel

Intertwined with their argument that the motion for reconsideration is untimely is defendants' argument that plaintiff should be estopped from seeking reconsideration of the court's order based on her actions.  Defendants cite a 1967 case from the Second District Court of Appeal of Florida for the proposition that the term 'waiver' is the intentional or voluntary relinquishment of a known right, or conduct which warrants an inference of the relinquishment of a known right.  *Fireman's Fund Ins. v. Vogel*, 195 So.2d 20, 24 (Fla. 2nd DCA 1967); see also *Minnesota Min & Mfg. v. Kirkevold,* 87 F.R.D. 324, 335 (D.C. Minn. 1980) (waiver may be inferred from conduct or silence).  The defendants imply that plaintiff has waived her right to challenge the court's April 14, 2006 order.  Defendants again point out that 110 days elapsed from the time of the court's order until plaintiff filed the instant motion, although the more relevant time frame, perhaps, is that seven weeks that passed from the date of the *Jones II* decision and the filing of the instant motion, because plaintiff could not have moved for reconsideration based on an intervening change in the law until that purported change in the law occurred.  Defendants claim that since the court's order granting summary judgment plaintiff has failed to involve them[4] in mediation or further discovery in this case, and failed to object or otherwise bring defendants' absence to the court's attention, seemingly accepting that the defendants retained no liability in this case.[5] (Doc. 125 at 10).

Plaintiff, on the other hand, paints a different picture.  She asserts that she has "always unequivocally maintained that Pall and Gelman's potential liability for [her] injuries has not been finally resolved."  (Doc. 129 at 14).  Specifically, plaintiff states that since the court's April 14, 2006 Order, counsel for plaintiff and counsel for Pall and Gelman have

---

4  The argument made in defendants' memorandum refers alternately to "this Defendant" and "these Defendants" without any apparent reason. (Doc. 125 at 10).  Absent an explanation, the court presumes that the singular references were typographical errors.

5  Defendants also note that based on their exclusion from significant events in this case since April 14, 2006, the plaintiff "cannot reasonably anticipate these defendants' participation in the currently scheduled trial of this case on October 2, 2006."  (Doc. 125 at 10 n.4).  Plaintiff states in her reply that she would not object to a continuance.  (Doc. 129 at 24).

conferred several times regarding settlement. (See doc. 129, exh. 1, letter from plaintiff's counsel to counsel for defendants).  Plaintiff's counsel presented options to compromise and settle plaintiff's claim against Pall and Gelman on April 24, 2006, during which negotiations "it was suggested plaintiff waive her right of appeal."  (Doc. 129 at 14).  She further asserts that both she and defendants Pall and Gelman treated the court's order of April 14, 2006 as non-final "as evidenced by counsel for Pall and Gelman's representation to plaintiff's counsel that a motion for Rule 54 Certification was to be filed."  (Doc. 129 at 15).  Further evidence cited by plaintiff of proof that she had not waived her claims was that defendants' counsel was fully informed of the mediation that took place between the parties, that they were represented at the mediation by Brian Carter, counsel for the employer/carrier, that the defendants were not excluded from any discovery because they were noticed of the only deposition that took place after the order in question, and all other discovery including interrogatories and interrogatory answers, requests for production and responses thereto, supplemental Rule 26(a)(1) disclosures, Rule 26(b)(2) expert witness disclosures, all expert witness reports, deposition notices, notices of intent to serve subpoenas and all motions.  *(Id.* at 24-25).  Plaintiff indicates that counsel for the defendants were also contacted on all motions filed by all parties pursuant to Local Rule 7.1.  Furthermore, plaintiff indicates that she informed counsel for the defendants  that a motion for reconsideration would be filed due to the *Jones II* decision, and that during July of 2006 additional efforts were made to negotiate this claim between plaintiff and these defendants as well as between plaintiff and the employer/carrier.   Finally, plaintiff represents that a date for mediation between these defendants, the employer/carrier and the plaintiff has been set.  Based on these specific and uncontroverted representations, the court cannot find that plaintiff intended to waive her rights, or that the defendants Pall and Gelman could reasonably have held any such belief.  Therefore, plaintiff is not estopped from bringing the instant motion.

Is *Jones II* an Intervening Change in the Law?

Defendants claim that *Jones II* was not an intervening change in the law as it is factually distinguishable from this case.  In the *Jones* cases, the claimant had filed for and received a single adjustment in the rate of attendant care benefits after litigating the issue to the district court of appeal.  The employer sought to preclude the claimant's tort action, arguing that his election of remedies estopped him from pursuing the tort action.  The trial court ruled in favor of the claimant.  The First District Court of Appeal reached the opposite conclusion, finding that the litigation of a single petition for additional workers' compensation benefits would satisfy the election of remedies requirement.  *Martin Electronics, Inc.* v. *Jones,* 877 So.2d 765 (Fla. 1st DCA 2004).  This decision was, in turn, overturned by the Supreme Court of Florida.  *Jones v. Martin Electronics, Inc.*, 932 So.2d 1100, 2006 WL 1641944 (Fla. 2006) (*"Jones II"*).  The Supreme Court of Florida noted that the "point upon which a worker's action with regard to a compensation claim constitutes an election of the workers' compensation remedy to the exclusion of a civil action is not entirely clear." *Jones II*, 932 So.2d at 1105.  However, it found that because neither the issue of the claimant's entitlement to workers' compensation benefits nor the extent of his injuries was ever a contested issue, the petition, hearing, and resulting order did not constitute litigation to a conclusion on the merits of the compensation claim.  Therefore it did not constitute an election by the claimant of the workers' compensation remedy.  *Jones II*, 932 So.2d at 1107 (*citing Williams v. Duggan,* 153 So.2d 726, 726 (Fla. 1963); *Williams v. Robineau,* 124 Fla. 422, 426, 168 So. 644 (1936);  *Wheeled Coach Indus., Inc. v. Annulis,* 852 So.2d 430, 433 (Fla. 5th DCA 2003); *Hernandez v. United Contractors Corp.,* 766 So.2d 1249, 1253 (Fla. 3rd  DCA 2000); *Lowry v. Logan,* 650 So.2d 653, 657 (Fla. 1st DCA 1995)).

In this case, after plaintiff's accident she received emergency medical treatment at West Florida Hospital and Pall/Gelman's workers' compensation carrier paid for the

majority of this treatment.[6]  Plaintiff accepted these payments and never asked that they be stopped.  (Doc. 69 at 3).  Plaintiff retained legal counsel to assist in representing her interests in the workers' compensation proceedings.  (Doc. 69 at 4, doc. 81 at 5).  Her attorney, Crystal Spencer, affirmatively sought to recover the following benefits in plaintiff's behalf:

1.  authorization of a psychiatrist

2.  correction of plaintiff's average weekly wage indemnity benefits

3.  reimbursement to her private health insurance provider for paid prescription expenses;

4.  reimbursement of $45.47 in out-of-pocket expenses paid by plaintiff

5.  attendant care services

6.  authorization of the treatment and medical recommendations of Dr. Jeffrey Cox, including cervical steroid injections, a spinal stimulator, and an air adjust dual zone bed;

7.  authorization for an adjustable bed

8.  a request for medical treatment by an orthopedic specialist other than Dr. Phillip Benton;

9.  medical care under the supervision of Dr. Marcus Schmitz, including neck surgery as recommended by Dr. Marcus Schmitz; and

10.  interest as permitted by § 440.20(8) Florida Statutes, penalties as permitted by § 440.207(7), Florida Statutes, and costs and attorneys fees as permitted by § 440.34, Florida Statutes.

(Doc. 81 at 5-6, doc. 83 at 2-3).  Among the documents filed or prepared by plaintiff's attorney to obtain these benefits were: written correspondence to defendants' workers' compensation carrier in an attempt to resolve certain issues, two "Workers' Compensation

---

6  A small amount was paid by plaintiff's personal health care provider, Blue Cross Blue Shield of Florida. Plaintiff later sought reimbursement for her private healthcare provider from defendants' workers' compensation carrier. (Doc. 69 at 3, exh. 65).

Managed Care Grievances" for attendant care and additional medical care for the plaintiff, two "Requests for Assistance" for attendant care and additional medical care, and two Petition for Benefits with the Florida Department of Labor and Employment Security indicating an intent to formally resolve disputes over certain benefits after informal attempts at resolution were unsuccessful.  (Doc. 69 at 4-5, exh. 65-71).  A formal mediation was held before the state workers' compensation mediator on April 4, 2002 and plaintiff attended, although she did not attend mediation sessions in December of 2003 and January of 2004.  (Doc. 69 at 7, exh. B at 179, 181, 182).  She also testified that she attended at least one final hearing before a judge, at which the judge entered a Final Order Denying Attendant Care. (Exh. B at 182-83, 185, exh. 87).[7]  However, her workers' compensation attorney maintains in her affidavit that plaintiff's claim is continuing and ongoing in nature, has not been settled and is not contemplated being settled at this time. (Doc. 83 at 3, ¶¶5 & 6).

As was the case in *Jones II,* neither plaintiff's entitlement to workers' compensation benefits nor the extent of her injuries were directly at issue in any of the aforementioned workers' compensation proceedings.  The issues of neglect and intent were not litigated, and the issues mentioned above were merely facets of plaintiff's workers' compensation claim.  The argument could be made, although it is not clear from the record, that the extent of medical care necessary was at issue due to some of the preceding requests. Still, there is no evidence that a conclusion on the merits was ever reached, only evidence to the contrary.  Thus, the court finds that *Jones II* was an intervening change in the law, and that this change in the law warrants reconsideration and reversal of the court's order granting summary judgment for the defendants Pall and Gelman on the issue of plaintiff's election of remedies.

---

[7]  Plaintiff's attempt to appeal this order was apparently untimely filed.  See *Gasparik v. Gelman Sciences and Travelers'*, 846 So.2d 635 (Fla. 1st DCA 2003).

Accordingly, it is ORDERED:

Plaintiff's motion to reconsider this court's order and judgment granting defendants' motion for summary judgment regarding plaintiff's election of workers' compensation remedies and plaintiff's incorporated memorandum of law (doc. 120) is GRANTED.

The court's previous order granting summary judgment (doc. 97) and the judgment entered thereon (doc. 98) are VACATED.

DONE AND ORDERED this 6th day of September, 2006.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**